# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| HERBERT ELDEAN ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 07 C 6582 |
| v. ) | |
| ) | |
| ROGER MITCHELL, LAURENCE ) | |
| LACAILLADE, ECHELON ) | |
| GROUP, INC., an Illinois corporation, ) | |
| ECHELON INSURANCE SERVICES, ) | |
| INC., an Illinois corporation, and ) | |
| ECHELON PROPERTY AND ) | |
| CASUALTY INSURANCE COMPANY, ) | |
| INC., an Illinois corporation, ) | Wayne R. Andersen |
| ) | District Judge |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This case is before the court on the motion of defendant Roger Mitchell to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, this motion is granted.

## BACKGROUND

Plaintiff Herbert Eldean ("Eldean") filed a four count complaint on November 20, 2007. The complaint alleges that defendants Echelon Group, Inc. ("Echelon"), Echelon Insurance Services, Inc. ("EIS"), Echelon Property and Casualty Insurance Company, Inc. ("EPC"), and Roger Mitchell ("Mitchell") and Laurence Lacaillade ("Lacaillade"), former directors and officers of the corporate defendants, entered into a scheme whereby they fraudulently enticed Eldean to pay money to become a shareholder of Echelon. Eldean alleges that on or about January 6, 2004, he wire-transferred $50,000 from a trust in his name to a bank in Rantoul,

Illinois for the account of EIS, and that he never received a stock certificate, investment certificate or any other evidence of ownership in Echelon pursuant to his alleged investment. Based on these allegations, Eldean's complaint includes four counts against the defendants: 1) Securities Fraud in violation of 815 ILCS 5/12(F-H) and Rule 10B-5, 17 C.F.R. § 240.10B-5, 2) Lost Profits, 3) Common Law Fraud, and 4) Breach of Contract.

    The defendants were served with the complaint in December of 2007. Defendant Roger Mitchell was personally served on December 17, 2007. Eldean then settled his claims against Echelon and EPC and they were dismissed from the lawsuit pursuant to stipulation on March 31, 2008. The remaining defendants failed to answer the complaint, and Eldean brought a motion for default judgment against Mitchell, Lacaillade, and EIS on March 24, 2008. This court granted Eldean's motion for default judgment on April 3, 2008. The judgment order against Lacaillade, Mitchell and EIS jointly and severally in the amount of $355,500 was entered on April 11, 2008. A citation to discover asserts was issued as to the defendants in August of 2008. In October of 2008, Mitchell brought a motion to quash the citation as well as a motion to vacate the entry of the default judgment as to him. On October 16, 2008, this court granted Mitchell's motion to vacate and vacated the judgment against Mitchell, as well as any pending citations or garnishments directed against Mitchell or his assets.

    On October 30, 2008, Mitchell brought the instant motion to dismiss. The court directed Eldean to respond to the motion by December 12, 2008. However, on December 4, 2008, Eldean's counsel filed a motion to withdraw as counsel for Eldean due to the fact that he had ceased paying his legal bills and was unresponsive to counsel's attempts to contact him. We granted counsel's motion to withdraw as attorney for Eldean on December 18, 2008 and

amended the briefing schedule on the motion to dismiss by directing Eldean to respond by January 16, 2009. Eldean was served with the order granting the motion and informing him of the date to respond on January 6, 2009. As of the date of this opinion, Eldean has not filed a pleading responsive to Mitchell's motion, nor has he appeared for any court dates before this court or Judge Schenkier. We now turn to the merits of Mitchell's motion to dismiss.

## STANDARD OF REVIEW

In deciding a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court must accept all well-pled allegations in the complaint as true, and draw all reasonable inferences in a light favorable to the plaintiff. *Jackson v. E.J. Branch Corp.*, 176 F.3d 971, 978 (7th Cir. 1999). A complaint must describe the claim with sufficient detail as to give the defendants "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 127 S.Ct. 1955, 1964 (2007) *(quoting Conley v. Gibson,* 355 U.S. 41, 47 (1957)). Further, the "allegations must plausibly suggest that the defendant has a right to relief raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs.*, 496 F.3d 773, 776 (7th Cir. 2007) *(citing Twombly,* 127 S.Ct. at 1965).

Additionally, Federal Rule of Civil Procedure 9(b) requires that "in all averments of fraud or mistake, the circumstances of fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Generally speaking, this standard of particularity requires that a plaintiff specify the "who, what, when, where and how" of the alleged fraud. *GE Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997). Simple conclusory allegations of fraud do not satisfy the Rule 9(b) standard. *United States ex rel. Gross v. Aids Research Alliance-Chicago*, 415 F.3d 601, 604-05 (7th Cir. 2005).

Furthermore, a plaintiff in a securities case must also comply with the pleading requirements of the Private Securities Litigation Reform Act, which outlines requirements that plaintiffs must follow in order to avoid dismissal of their securities claims. 15 U.S.C. § 74u-4(b)(1)-(2). Specifically, "the complaint shall specify each statement alleged to have been misleading, [and] the reason or reasons why the statement is misleading." 15 U.S.C. § 78u-4(b)(1)(B). Additionally, where "the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall...state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind." 15 U.S.C. § 78u-4(b)(2). If a plaintiff fails to include the requisite specific allegations, the court must dismiss the complaint. 15 U.S.C. § 78u-4(b)(3)(A).

## DISCUSSION

### I. Count I: Securities Fraud

In Count I, Eldean seeks damages pursuant to Section 12 of the Illinois Securities Act of 1953 ("the Act"), 815 ILCS 5/12, and Rule 10b-5, 17 C.F.R. 240.10b-5. However, Count I is dismissed for two reasons: 1) it is barred by the three year statute of limitations, and 2) Eldean failed to provide the requisite notice pursuant to Section 12 of the Act.

#### A. Statute of Limitations

First, Count I of Eldean's complaint is barred by the applicable statute of limitations. Section 13D of the Act states, "[n]o action shall be brought for relief under this Section or upon or because of any matters for which relief is granted by this Section after three years from the date of sale." 815 ILCS 5/13. Furthermore, lawsuits brought under Rule 10b-5, promulgated under section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b), must be commenced

"within one year after the discovery of the facts constituting the violation and within three years after such violation." *Tregenza v. Great Am. Commc'ns Co.*, 12 F.3d 717, 718 (7th Cir. 1993); *see also McCool v. Strata Oil. Co.*, 972 F.2d 1452, 1460 (7th Cir. 1992) ("[i]n securities fraud cases, the federal rule is that the plaintiffs' cause of action accrues on the date the sale of the instrument is completed.").

Eldean's complaint alleges that he received the "Echelon Group Confidential Information Memorandum" in the mail in or around January 2004, that he received the "Echelon Group, Inc. Shareholders Agreement" at some point after January 2004, and that he did not receive the subscription agreements until August 2005. Therefore, Eldean appears to be claiming that the actual date of sale did not occur until August of 2005 and as such, his complaint is timely filed. However, the subscription agreement for the 25,000 shares of Echelon is signed by Eldean and reflects that it was executed on October 9, 2003. When exhibits and allegations in the complaint conflict, the exhibit controls. *Garrison v. Choh*, 308 Ill. App. 3d 48, 53 (1st Dist. 1999). Furthermore, reliance on the date on the exhibit, rather than the date alleged in Eldean's complaint is reasonable because presumably Eldean would not have wire-transferred a sum of $50,000 (as he alleges he did no January 6, 2004) to EIS without having first read the document explaining the investment. Accordingly, we find that the three year statute of limitations began to run in January 2004 and the complaint must have been filed by January 2007 in order to fall within the statute of limitations. Because Eldean did not file his complaint until November 20, 2007, the statute of limitations had already run.

    **B.**    **Notice**

Second, notwithstanding the statute of limitations, Count I of Eldean's complaint also fails because Eldean failed to provide Mitchell with the requisite notice pursuant to Section 12 of the Act. As an initial matter, "[t]he only remedy available for a violation of section 12 is rescission; court have refused to imply a damages remedy." *Reschal Assocs., Inc. v. Long Grove Trading Co.*, 754 F. Supp. 1226, 1236 (N.D. Ill. 1990). Further, in order to rescind the contract, and regain his $50,000 investment, Eldean must have provided notice of his election to rescind within six months of the purchase date pursuant to the express language of Section 13. 815 ILCS 5/13. "Where a plaintiff does not allege that he made such an election, a claim for relief pursuant to section 12 cannot stand. *Reshal Assocs., Inc.*, 754 F. Supp. at 1236 (court refused to extend the six-month notice requirement and dismissed the cause of action). Accordingly, because Eldean's complaint does not allege that he provided the requisite notice to Mitchell, Count I is barred

For both of the reasons stated above, Count I of Eldean's complaint is hereby dismissed.

## II. Count II: Lost Profits

In Count II of the complaint, Eldean seeks $75,000 in lost profits as a result of his alleged investment in Echelon. This claims fails because: 1) Eldean fails to allege that he fully performed on the contract; 2) Eldean fails to allege a basis for computing the alleged lost profits.

### A. Performance

First, Count II fails because Eldean fails to allege that he fully performed on the contract. In the first subscription agreement that Eldean attached to the complaint, he contracted to buy $25,000 shares at $10 per share. Cmplt., Exh. C-1. Accordingly, Eldean's investment would have been $250,000. However, Eldean's allegations indicate that the only investment he made in Echelon was the initial $50,000 wire transfer in January 2004. The subscription agreement did

not give Eldean the right to purchase 5,000 shares at $10 per share or guarantee him a rate of return on a $50,000 investment. Accordingly, Eldean cannot claim lost profits based upon a contract under which he only partially performed.

### B. Basis of Computation

Additionally, Count II fails because Eldean fails to allege a basis for computing lost profits. The rate of return on the stock allegedly purchased by Eldean was based entirely on a multiple of the "book value per share of the common stock of the Corporation as of December 31, 2006." Cmplt., Exh. B at p.4. However, Eldean's complaint fails to set forth any allegations as to the book value that would serve as a basis for computing his alleged lost profits. Without a basis for computation, Eldean's allegations of lost profits amount to nothing more than mere speculation, and must be dismissed. *TAS Distrib. Co. v. Cummins Engine Co.*, 491 F.3d 625, 631-32 (7th Cir. 2007) ("As a general principle, when seeking recovery of lost profits, a claimant must establish those lost profits with 'reasonable certainty.'")(citation omitted).

For the above reasons, Count II of Eldean's complaint is hereby dismissed.

### III. Count III: Common Law Fraud

In Count III, Eldean seeks damages based on common law fraud. This claim fails because Eldean fails to meet the pleading requirements of Rule 9(b) of the Federal Rules of Civil Procedure with respect to Mitchell. As stated above, Rule 9(b) of the Federal Rules of Civil Procedure requires allegations of fraud be pled with specificity. However, Eldean fails to set forth any allegation that Mitchell individually or in his capacity as an officer or director made any misstatement or undertook any of the alleged fraudulent actions. Accordingly, Mitchell's motion to dismiss is granted as to Count III.

## IV. Count IV: Breach of Contract

In Count IV, Eldean seeks damages based on breach of contract. This claim fails for several reasons. First, although it is unclear whether Eldean is alleging breach of the subscription agreements or the Shareholders' Agreement, Eldean does not allege that Mitchell individually or in his capacity as officer and directors was a party to either alleged contract.

Second, as an officer and director Mitchell is not liable for the debts of the corporation. Under Illinois law a corporation is presumed to be "separate and distinct from its officers, shareholders, and directors, and those parties will not be held personally liable for the corporations's debts and obligations." *Tower Investors, LLC v. 111 E. Chestnut Consultants, Inc.*, 371 Ill. App. 3d 1019, 1033, 864 N.E.2d 927, 941 (1st Dist. 2007)(citing *Melko v. Dionisio*, 219 Ill. App. 3d 1048, 1063, 580 N.E.2d 586, 594 (2d Dist. 1991). Additionally, there are no allegations in the complaint that the "corporation is merely the alter ego or the business conduit of another dominating personality." *Tower Investors, LLC*, 371 Ill. App. 3d at 1044, 864 N.E.2d at 927 (citing *Melko*, 219 Ill. App. 3d a 1063, 580 N.E.2d at 594). Accordingly, this is not a case for which we will pierce the corporate veil.

Finally, as discussed in Section II.A *supra*, Eldean never fully performed on the contract. In one subscription agreement Eldean contracted to buy 25,000 shares of Echelon at $10 per share, and in the other agreement he contracted to buy 3,125 shares at $8 per share. Cmplt, Exh. C-1, C-2. Accordingly, full performance on the contract required Eldean to pay $275,000. However, the complaint only alleges that Eldean invested $50,000. Therefore, Eldean is not entitled to damages for breach of contract based upon a contract that he did not fully perform. For all of the above reasons, Mitchell's motion to dismiss Count IV of the complaint is granted.

## CONCLUSION

For the foregoing reasons, defendant Roger Mitchell's motion to dismiss [39] is granted. Mitchell is hereby dismissed as a defendant in this lawsuit. There is currently a default judgment against Laurence Lacaillade and Echelon Insurance Services, Inc. which remains in place. This is a final and appealable order and this case is hereby terminated.

It is so ordered.

_____
Wayne R. Andersen
United States District Judge

Dated:  March 13, 2009